**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **KEITH R. STOKES,** | )<br>) |
| Petitioner, | )  CIV 08-02362 PHX DGC (MEA)<br>) |
| v. | )  REPORT AND RECOMMENDATION<br>) |
| **CHARLES L. RYAN, TERRY GODDARD,**<br>**MRS. DAIELL,** | )<br>)<br>) |
| Respondent. | ) |

**TO THE HONORABLE DAVID G. CAMPBELL:**

On or about December 29, 2008, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Petitioner filed an amended petition on April 30, 2009. See Docket No. 5. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 12) on October 1, 2009. Respondents contend the action for habeas relief may be denied and dismissed because Petitioner failed to file his action within the applicable statute of limitations. Petitioner filed a two-page pleading on October 8, 2009, which is titled as an amended petition but which provides an argument in reply to the response to his petition. See Docket No. 13.

**I Procedural History**

In April of 2003, a jury found Petitioner guilty of one count of second-degree murder, two counts of attempted

first-degree murder, and one count of aggravated assault, the result of events occurring in 1999. Petitioner was sentenced to aggravated terms of, respectively, twenty years, fifteen years, and twelve years imprisonment, on the first three counts. Petitioner was sentenced to a presumptive term of seven and one-half years imprisonment pursuant to his conviction for aggravated assault. The state trial court ordered the sentences be served consecutively. See Answer, Exh. A (Arizona v. Stokes, No. 1 CA-CR 03-0397 (Ct. App. Feb. 24, 2004)). The Arizona Court of Appeals affirmed Petitioner's convictions and sentences in a decision issued on February 24, 2004. Id., Exh. A. Petitioner did not seek review of this decision by the Arizona Supreme Court.

Petitioner filed a timely state action seeking post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on March 17, 2004. Id., Exh. C. The state trial court dismissed the petition on March 1, 2005. Id., Exh. D. The Arizona Court of Appeals denied review of that decision on August 14, 2006. Id., Exh. E. On January 22, 2008, Petitioner filed a "Supplemental to My Petition for Review" in the Arizona Supreme Court. Id., Exh. F.

On April 21, 2008, Petitioner filed a petition seeking a writ of coram nobis. Id., Exh. G. The state trial court treated this writ as a second petition for post-conviction relief. In a decision issued June 3, 2008, the state trial court found all the claims stated were precluded, and dismissed the petition. Id., Exh. H.

In his amended habeas petition Petitioner contends he is entitled to federal habeas relief because, he asserts, perjured testimony was presented to the grand jury in violation of his right to due process of law. Petitioner further contends his conviction for murder violates his right to due process because the victim's death, ten months after he was shot by Petitioner, was not the result of Petitioner's actions. Petitioner also maintains his Eighth Amendment rights were violated because he was charged with attempted first degree murder and convicted of second degree murder. Additionally, Petitioner contends his sentence violates the separation of powers doctrine because the trial court's application of Arizona's sentencing statutes was "manifest injustice." Petitioner also alleges his trial counsel was unconstitutionally ineffective.

**II Analysis**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on prisoners seeking federal habeas relief from their state convictions. See, e.g., Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(2006 & Supp. 2009). See also Artuz v.

Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir.), cert. denied, 129 S. Ct. 397 (2008).

Petitioner's conviction became "final" at the conclusion of his direct appeal proceedings, at which time Petitioner had a properly-filed petition for post-conviction relief pending in the state trial court. The Arizona Court of Appeals denied review of the decision dismissing Petitioner's first action for post-conviction relief on August 14, 2006. Answer, Exh. E. Petitioner had thirty days to appeal that decision to the Arizona Supreme Court. See Ariz. R. Crim. P. (2009). Therefore, the statute of limitations on Petitioner's federal habeas action began to run on September 15, 2006, and expired on or about September 16, 2007. See Tillema v. Long, 253 F.3d 494, 498 (9th Cir. 2001); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Compare Hemmerle v. Schriro, 495 F.3d 1069, 1077 (9th Cir. 2007); Riddle v. Kemna, 523 F.3d 850, 855 (8th Cir. 2008).

Petitioner did not file his federal habeas action until April 30, 2009, approximately nineteen months after the statute of limitations expired.

The Ninth Circuit Court of Appeals has recently stated that the Court should still determine whether a section 2254 petitioner is entitled to equitable tolling of the statute of limitations. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 & n.2 (9th Cir. 2009). A petitioner seeking equitable tolling of the AEDPA's statute of limitations must establish two

elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005).

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Harris, 515 F.3d at 1054-55 & n.4; Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling is to be rarely granted. See Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000) (holding this remedy is "typically applied sparingly"). The petitioner must establish a causal connection between the alleged roadblock to their timely filing of their federal habeas petition and the actual failure to file the petition on time. See Gaston, 417 F.3d at 1034; Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005). It is Petitioner's burden to establish that equitable tolling is warranted in his case. Gaston, 417 F.3d at 1034.

In response to the answer to his petition, Petitioner filed an "Amended" section 2254 petition which is two pages.

The second page states:

> Petitioner was tried, convicted and sentence[d] in violation of Arizona legislative statues (sic) 13-110 (13-111) 13-1150 CB) and 13-116. Prosecution created his own interpretation of charges before trial court, and persuaded courts to apply its interpretation beyond legislative intent as afermented (aforementioned?) statues (sic) plainly state manifest injust has occured in this cause (sic).

Docket No. 13.

Petitioner has not established that he is entitled to equitable tolling of the statute of limitations because he has not presented evidence of due diligence or a factor outside the defense which resulted in his failure to timely file his habeas action. Even if the "fundamental miscarriage of justice" standard for excusing procedural default of habeas claims were applicable as a reason for tolling the statute of limitations, Petitioner has not established that the failure to consider his habeas claims on their merits would result in a fundamental miscarriage of justice. Cf. Hayman v. Pennsylvania, 624 F. Supp. 2d 378, 394 (E.D. Pa. 2009) (discussing case law on when equitable tolling is warranted).

**III Conclusion**

The federal habeas petition was not filed within the one-year statute of limitations and Petitioner has not provided a basis for equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that Mr. Stokes' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 29th day of October, 2009.

_____
Mark E. Aspey
United States Magistrate Judge

-7-