**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith R. Stokes,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV 08-2362-PHX-DGC (MEA)<br><br>**ORDER** |

Pending before the Court are Petitioner Keith R. Stokes's amended petition for writ of habeas corpus and United States Magistrate Judge Mark E. Aspey's Report and Recommendation ("R&R"). Dkt. ##13; 14. The R&R recommends that the Court deny the petition because it was not filed within the one-year statute of limitations. Dkt. #14 at 3-6. Stokes has filed an objection to the R&R.[1] Dkt. #15. For the following reasons, the Court will accept the R&R and will deny Stokes's petition for writ of habeas corpus.

## I. Background.

In 2003, Stokes was convicted of second-degree murder, attempted first-degree murder, and aggravated assault and was sentenced to consecutive sentences of twenty years, fifteen years, and twelve years, respectively. Dkt. #14 at 1-2. In 2004, Stokes filed a timely

---

[1] Stokes's objection is entitled a "motion to appeal report and recommendation of court," which the Court has characterized as an objection to the R&R. Dkt. #15.

state action seeking post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, which was dismissed. *Id.* at 2. The Arizona Court of Appeals denied review of the dismissal on August 14, 2006. *Id.* In January of 2008, Stokes filed a "Supplemental to My Petition for Review" in the Arizona Supreme Court. *Id.* In April of 2008, Stokes filed a "writ of coram nobis," which the state trial court treated as a second petition for post-conviction review, which was dismissed in June of 2008. *Id.*

On December 23, 2008, Stokes filed a petition for writ of habeas corpus on the following grounds: (1) perjured testimony was presented to the grand jury in violation of due process; (2) his conviction for murder violated his right to due process because the victim's death – which occurred ten months after he was shot by Stokes – was not the result of Stokes's actions; (3) his Eighth Amendment rights were violated when he was charged with attempted first degree murder and convicted of second degree murder; (4) his sentence violates the separation of powers doctrine; and (5) his Sixth Amendment right to counsel was violated because his trial counsel was not qualified. Dkt. #1. He filed an amended petition on April 30, 2009 (Dkt. #5) and another amended petition on October 8, 2009 (Dkt. #13).

## II.     Legal standard.

A party may file specific, written objections to an R&R within ten days after being served with a copy the R&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

## III.    Analysis.

Stokes has made two objections to the R&R: (1) the statute of limitations for his claim did not begin to run until June 3, 2008 (Dkt. #15 at 2); and (2) equitable tolling should apply because he has pursued his rights diligently and because extraordinary circumstances stood in his way (*Id.* at 3-4).

For his first objection, Stokes states that the statute of limitations did not begin to run until June 3, 2008, but provides no legal authority in support of his assertion. Dkt. #15 at 2. Judge Aspey concluded that the one-year statute of limitations for Stokes' petition began to run on September 16, 2006, thirty days after the Arizona Court of Appeals denied review on his state post-conviction relief filing. Dkt. #14. The statute of limitations expired one year later on September 16, 2007. *Id.* Stokes does not dispute this calculation, and the Court finds it to be correct. Stokes instead argues that he filed a "writ of corum nobis" in state court on April 21, 2008, and that it was denied on June 3, 2008, less than one year before he commenced this action. Dkt. #15. Even if these allegations are true, the statute of limitations expired on September 16, 2007, before Stokes filed his "writ of corum nobis." His petition is therefore time barred.[2]

For his second objection, Stokes asserts that equitable tolling should apply because he has pursued his rights diligently and because extraordinary circumstances stood in his way. Dkt. #15 at 3. The extraordinary circumstances asserted by Stokes are (1) that he is "a lay-man in the law," (2) that he "only has a high school education," and (3) that he "does not have a unit law library." *Id.* at 3-4. Under Ninth Circuit law, equitable tolling is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a timely petition. *Harris v. Carter*, 515 F.3d 1051, 1054-55 (9th Cir. 2008). To invoke equitable tolling, the petitioner must show a causal connection between the alleged roadblock to his timely filing and the actual failure to file the petition on time. *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005). Stokes does not indicate in his objection how the alleged extraordinary circumstances actually caused his failure to file a timely petition. Thousands of petitioners with no legal education, with no college education, and with little or no access to legal materials are able to file timely habeas petitions. Stokes

---

[2] Stokes also argues that Judge Aspey's statute of limitations recommendation is somehow invalid because it was not mentioned in previous screening orders. Dkt. #15. Those orders addressed the face of the petition and whether Stokes had exhausted state remedies. Dkt. ##4, 6. They did not address the timeliness of his petition.

had thirteen months after the Arizona Court of Appeals denied his request for post-conviction relief within which to craft a petition. He does not explain why he was unable to do so. The Court finds Stokes's objection unpersuasive.

**IT IS ORDERED:**

1.   Magistrate Judge Mark E. Aspey's R&R (Dkt. #14) is **accepted**.

2.   Petitioner's amended petition for writ of habeas corpus (Dkt. #13) is **denied**.

3.   The Clerk of Court shall **terminate** this action.

4.   The Court has considered whether a certificate of appealability should issue under 28 U.S.C. § 2253(c), and concludes that it should not. Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED this 9th day of December, 2009.

_____
David G. Campbell
United States District Judge

- 4 -